1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

TODD GLENN CHAMBERLAIN,

11
            Plaintiff,

12
    v.

13
CAROLYN W. COLVIN, Acting
14
Commissioner of the Social Security
Administration,
15
            Defendant.
16

CASE NO. 14-cv-05070 RBL-JRC

REPORT AND RECOMMENDATION
ON PLAINTIFF'S COMPLAINT

Noting Date: October 24, 2014

17      This matter has been referred to United States Magistrate Judge J. Richard

18  Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR

19  4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261,

20  271-72 (1976).  This matter has been fully briefed (*see* ECF Nos. 18, 19, 26).

21      After considering the record, this Court concludes that plaintiff fails to establish

22  harmful error in the ALJ's adverse credibility determination or rejection of the opinion of

23

24

1  his treating physician.  Accordingly, this Court recommends that the ALJ's decision be

2  affirmed.

3                                BACKGROUND

4          Plaintiff, TODD GLENN CHAMBERLAIN, was born in 1970 and was 37 years

5  old on the alleged date of disability onset of December 7, 2007 (*see* Tr. 19, 166-72).

6  Plaintiff finished the 11th grade and obtained his GED (Tr. 46).  Plaintiff has work

7  experience as an auto mechanic, heavy equipment mechanic, and repairing food

8  processing equipment (Tr. 225-32).  He was injured on the job in December, 2007 (Tr.

9  43, 56).

10          According to the ALJ, plaintiff has at least the severe impairments of

11  "degenerative disc disease and arthritis (20 CFR 404.1520(c) and 416.920(c))" (Tr. 22).

12          At the time of the hearing, plaintiff was divorced with a 24-year-old son and was

13  living with an ex-girlfriend and her roommate (Tr. 44).

14                            PROCEDURAL HISTORY

15          Plaintiff's application for disability insurance ("DIB") benefits pursuant to 42

16  U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42

17  U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and

18  following reconsideration (*see* Tr. 73-82, 84-95, 99-110).  Plaintiff's requested hearing

19  was held before Administrative Law Judge Jo Hoenninger ("the ALJ") on September 7,

20  2012 (*see* Tr. 38-72).  On October 1, 2012, the ALJ issued a written decision in which the

21  ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* Tr.

22  16-35).

1    On December 3, 2013, the Appeals Council denied plaintiff's request for review,

2   making the written decision by the ALJ the final agency decision subject to judicial

3   review (Tr. 1-6).  *See* 20 C.F.R. § 404.981.  Plaintiff filed a complaint in this Court

4   seeking judicial review of the ALJ's written decision in January, 2014 (*see* ECF Nos. 1,

5   5).  Defendant filed the sealed administrative record regarding this matter ("Tr.") on

6   April 21, 2014 (*see* ECF Nos. 12, 13).

7       In plaintiff's Opening Brief, he raises the following issues:   (1) whether or not the

8   ALJ improperly discredited plaintiff's credibility, and (3) whether or not the ALJ erred in

9

10   rejecting the opinion of his treating physician, John Griffin, M.D. (*see* ECF No. 18, p. 1).

11                    STANDARD OF REVIEW

12       Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

13   denial of social security benefits if the ALJ's findings are based on legal error or not

14   supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d

15   1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir.

16   1999)).

17                        DISCUSSION

18   **(1)    Whether the ALJ improperly rejected the credibility of plaintiff's testimony**

19

20       In this case, the ALJ discounted the credibility of plaintiff's subjective testimony

21   for the following reasons:  (1) plaintiff testified that his medications cause side effects,

22   but treatment notes consistently show that he denied side effects (Tr. 24; *see also* Tr. 56

23   (testimony denying side effects), 237 and 247 (plaintiff's reports to the Social Security

24   Administration denying medication side effects), 322 (1/13/11 treatment note indicating

1    "there have not been any problems with the medications"), 328 (2/18/10 treatment note

2    indicating the same)); (2) plaintiff returned to work in March 2008, which is inconsistent

3    with his claim that his disability began in December 2007 (Tr. 25 (noting that plaintiff

4    continued to work 8-hour days in August 2008, that it was "going fine," and that plaintiff

5    earned over $34,000 in 2008), 190 and 200 (plaintiff's report that he worked eight

6    hours/day, six days/week on light duty from 12/7/07 to 10/20/08)); (3) plaintiff's

7    allegation of disability was inconsistent with the longitudinal medical evidence (Tr. 24-26

8    (ALJ's lengthy summary of medical findings)); (4) plaintiff's alleged limitations were

9    inconsistent with his daily activities, including the ability to hunt, drive an all-terrain

10   vehicle ("ATV"), fish, sweep and vacuum his house, make his bed, drive, and shop for

11   groceries in stores (Tr. 26).

12

13           Plaintiff's challenge to the ALJ's adverse credibility finding touches on only one

14   of the reasons provided by the ALJ:  his daily activities (*see* ECF No. 18 at 10).  He

15   argues that the ALJ did not specifically identify the testimony that she discredited.  He

16   also asserts that the record does not suggest that he hunted or fished with the regularity

17   and demands of full time employment.  But even if the ALJ's finding regarding daily

18   activities was erroneous, the ALJ provided other unchallenged reasons to discount

19   plaintiff's credibility, namely plaintiff's inconsistent statement regarding medication side

20   effects, allegation that he was disabled during a period when he was working full time,

21   and inconsistent medical evidence.  *See Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th

22   Cir. 1997) (ALJ may consider a claimant's inconsistent statements and work record in

23   coming to adverse credibility determination); *Carmickle v. Comm'r of Soc. Sec. Admin.*,

24

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 4

533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a

sufficient basis for rejecting the claimant's subjective testimony.").  Because plaintiff has

not challenged those reasons, he has failed to establish that the ALJ's adverse credibility

finding is erroneous.  *See id.* at 1162 (including an erroneous reason among other reasons

to discount a claimant's credibility is at most harmless error if the other reasons are

supported by substantial evidence and the erroneous reason does not negate the validity

of the overall credibility determination); *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir.

2012) (court may not reverse absent a harmful error, and plaintiff bears burden of

establishing that an error is harmful).

**(2)    Whether the ALJ erred in rejecting the opinion of plaintiff's treating
physician**

The ALJ must provide "clear and convincing" reasons for rejecting the

uncontradicted opinion of either a treating or examining physician or psychologist.

*Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d

418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)).  But

when a treating or examining physician's opinion is contradicted, that opinion can be

rejected "for specific and legitimate reasons that are supported by substantial evidence in

the record."  *Lester, supra*, 81 F.3d at 830-31 (*citing Andrews, supra*, 53 F.3d at 1043;

*Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).  The ALJ can accomplish this by

"setting out a detailed and thorough summary of the facts and conflicting clinical

evidence, stating his interpretation thereof, and making findings."  *Reddick, supra*, 157

F.3d at 725 (*citing Magallanes, supra*, 881 F.2d at 751).

Dr. Griffin, a rheumatologist, began treating plaintiff's arthritis in 2006 (Tr. 470). Following his back injury in December 2007, plaintiff returned to Dr. Griffin after an absence of nearly two years (Tr. 360-61, 470). Dr. Griffin treated plaintiff on a regular basis from 2008 through 2010, and then on a less frequent basis in 2011. In August 2012, Dr. Griffin offered the following opinion:

> Since at least June 2008, Mr. Chamberlain has experienced chronic pain in any position—standing, sitting or lying down—and could not use his hands for lifting, gripping or grasping on a consistent basis. The psoriatic arthritis as well as the lumbar disc degeneration contributes to the significant level of pain. . . . I believe that the pain he experiences would distract him significantly from concentration, persisting or keeping up the pace of any task.

> As his longtime treating physician, it is my medical opinion that since June 2008, Mr. Chamberlian could not consistently perform in any full time position, whether it were his prior work or a sedentary position. He would miss at least two days of work per month.

(Tr. 471).

The ALJ gave Dr. Griffin's opinion "limited weight" for two reasons (Tr. 28). First, the ALJ found that, "[a]s stated above, many of Dr. Griffin's treatment notes describe the claimant's arthritis as being under good control or, at most, showing some joint swelling. Consequently, much of the limitation proposed by Dr. Griffin appears to be based on the claimant's subjective complaints" (*id.*). The ALJ gave great weight to the opinion of reviewing physician, Dr. Neal E. Berner, M.D., who reviewed the "objective medical evidence" and concluded that plaintiff retained the residual functional capacity consistent with the ALJ's opinion (*see* Tr. 26, *citing* Tr. 84 – 95). Because this

treating physician's opinion was contradicted by a reviewing physician's opinion, a special standard applies.

An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester, supra*, 81 F.3d at 830 (citations omitted); *see also* 20 C.F.R. § 404.1527(c)(1)("Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you"). A non-examining physician's or psychologist's opinion may not constitute substantial evidence by itself sufficient to justify the rejection of an opinion by an examining physician or psychologist. *Lester, supra*, 81 F.3d at 831 (citations omitted). However, "it may constitute substantial evidence when it is consistent with other independent evidence in the record." *Tonapetyan v.Halter,* 242 F.3d 1144, 1149 (9th Cir. 2001) (*citing Magallanes, supra*, 881 F.2d at 752).

"In order to discount the opinion of an examining physician in favor of the opinion of a nonexamining medical advisor, the ALJ must set forth specific, *legitimate* reasons that are supported by substantial evidence in the record." *Van Nguyen v. Chater*, 100 F.3d 1462, 1466 (9th Cir. 1996) (*citing Lester, supra*, 81 F.3d at 831).

Plaintiff contends that the ALJ failed to meet that standard because the ALJ only made general reference to "many" of Dr. Griffin's chart notes without citing to specific evidence in the record, and did not identify which aspects of Dr. Griffin's opinion were not credible. Plaintiff's framing of the issue misses the mark. According to the Ninth Circuit, "[an] ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant self-reports that have been properly discounted as incredible."

1  *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (*quoting Morgan, supra*, 169

2  F.3d at 602); *see also Fair, supra*, 885 F.2d at 605 (rejecting treating physician's opinion

3  where based on discredited subjective accounts of pain).  Therefore, because plaintiff

4  failed to establish error in the ALJ's credibility determination, the ALJ's proffered reason

5  is legally sufficient.  The relevant question here is whether the ALJ supported this

6  specific and legitimate reason with substantial evidence.  *See Bayliss, supra*, 427 F.3d at

7  1214 n.1 (court reviews ALJ's findings for legal error and substantial evidence in the

8  record as a whole).

9          Plaintiff asserts that the ALJ did not cite to specific portions of the record in

10  support of her finding that Dr. Griffin's opinion was based largely on plaintiff's self-

11  reports.  But the ALJ referred to her earlier conclusion that the majority of Dr. Griffin's

12  treatment notes "described the claimant's joints as objectively free [of] swelling or

13  warmth," which cited to the relevant portions of the record (Tr. 25 (*citing* Exhibits 3F,

14  6F, and 8F)).  *See Molina, supra*, 674 F.3d at 1121 ("Even when an agency 'explains its

15  decision with "less than ideal clarity,"' we must uphold it 'if the agency's path may

16  reasonably be discerned.'") (*quoting Alaska Dep't of Envtl. Conservation v. EPA*, 540

17  U.S. 461, 497 (2004) (quotation omitted)).

18          Plaintiff also maintains that, contrary to the ALJ's finding, Dr. Griffin's treatment

19  notes show an ongoing pattern of joint and back pain, which the ALJ ignored.  Plaintiff

20  further contends that the ALJ ignored the fact that Dr. Griffin's opinion was based on his

21  degenerative disc disease, and instead rejected it only based on the conclusion that his

22

23

24

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 8

1   arthritis was well controlled.  Finally, plaintiff points out that the joint swelling noted by

2   the ALJ *is* objective evidence of arthritic pain.

3          Defendant responds that the ALJ considered plaintiff's complaints of pain and

4   accommodated a reasonable degree of limitation in the RFC (*see* Tr. 25 (discussing

5   plaintiff's complaint of pain and stating, "Ultimately, the residual functional capacity

6   found in this decision includes specific exertional, postural, and manipulative limitations

7   which address the claimant's various pain complaints.")).  Defendant also highlights a

8   number of discrepancies between Dr. Griffin's treatment notes and his opinion,

9   contending that the ALJ reasonably concluded that Dr. Griffin relied heavily on

10   plaintiff's own reported limitations.  Defendant maintains that even though swelling was

11   documented in some of Dr. Griffin's chart notes, that evidence does not show plaintiff

12   has greater limitations than the ALJ assessed.

13          Substantial evidence supports the ALJ's finding that Dr. Griffin's opinion was

14   based predominately on plaintiff's subjective complaints.  Although Dr. Griffin's

15   treatment notes consistently indicate joint and back pain from arthritis and degenerative

16   disc disease, as plaintiff asserts, these notations generally reflect plaintiff's self-reports.

17   Indeed, the ALJ reasonably concluded that on most occasions, Dr. Griffin did not observe

18   swelling in plaintiff's joints.  Swelling was documented in approximately nine treatment

19   notes between January 2008 and October 2011 (Tr. 327, 328-29, 330, 349, 350, 358, 359,

20   361, 425).  But during that same time period, Dr. Griffin found no swelling on over 20

21   examinations (*see* Tr. 321-58).  Moreover, although the ALJ did not discuss plaintiff's

22   degenerative disc disease in rejecting Dr. Griffin's opinion, Dr. Griffin's treatment notes

do not include objective evidence regarding limitations caused by degenerative disc disease; they merely reflect plaintiff's statements regarding his level of back pain, lending further support to the ALJ's conclusion that Dr. Griffin's opinion was based largely on plaintiff's self-reports.  The ALJ's conclusion that Dr. Griffin's opinion was based to a large extent on plaintiff's reports of pain is supported by substantial evidence in the record.  *See Fair, supra*, 885 F.2d at 605 (rejecting treating physician's opinion where based on discredited subjective accounts of pain); *see Morgan, supra*, 169 F.3d at 599 ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.") (*citing Andrews, supra*, 53 F.3d at 1041).

The ALJ's second reason for rejecting Dr. Griffin's opinion was that "the claimant's activities, discussed above, show that he is not as limited as Dr. Griffin opines him to be" (Tr. 28).  The activities "discussed above" include hunting, riding an ATV, launching his 18-foot boat and then loading it back onto his trailer after fishing, performing household chores, driving, and shopping in stores (Tr. 26).  An ALJ may reject a treating physician's opinion that is inconsistent with the claimant's level of activity.  *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001).Even assuming the ALJ's finding regarding plaintiff's activities was erroneous, the error would be harmless because the ALJ's ultimate rejection of Dr. Griffin's opinion is supported by her finding that Dr. Griffin's opinion relied to a large extent on plaintiff's discredited self-reports.  *See Carmickle, supra*, 533 F.3d at 1161.  As such, plaintiff fails to establish reversible error in the ALJ's evaluation of Dr. Griffin's opinion.

CONCLUSION

1    Based on these reasons, and the relevant record, this Court recommends that this

2  matter be **AFFIRMED**.  **JUDGMENT** should be for **DEFENDANT** and the case should

3  be closed.

4    Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

5  fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R.

6  Civ. P. 6.  Failure to file objections will result in a waiver of those objections for

7  purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C).

8  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the

9  matter for consideration on October 24**,** 2014, as noted in the caption.

10   Dated this 2nd day of October, 2014.

11

12

13

14  J. Richard Creatura
    United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 11